<hr />

## SHERROD *vs.* THE STATE.

1. A physician's office is not a public place within the statute against gaming, when the playing is at night, with closed doors and curtained windows; although it is also shown that the room adjoined a merchant's counting room, with a door communicating between them, and that the person who occupied it as a sleeping room was in the habit of inviting his friends to come to his room for the purpose of playing.

APPEAL from the Circuit Court of Pickens.
Tried before the Hon. ALEX. B. CLITHERALL.

THE form of the indictment in this case was identical with that of Burdine v. The State, *ante*, p. 60. The evidence was, " that the playing took place in a room adjoining the counting room of Noland & Walker, merchants in the town of Carrolton; that there was a door which opened from said counting room into the room in which the playing was ; that the key of said door was sometimes on one side, and sometimes on the other ; that said room was occupied by witness as his bed room, he being an unmarried man, and living in said town ;

that Dr. Williams, a practicing physician residing in said town, kept his medicines, &c., in said room, and kept his office there; that said Williams was a married man, and slept at his own residence, and rarely visited said room at night; that witness had rented said room from Noland & Walker, and that Williams was in, with his consent, under some contract with Noland & Walker; that frequently, before the night on which defendant played, witness had been in the habit of inviting his friends to come to said room to play cards; that sometimes, when they were assembled in said room, without being invited there to play cards, others than witness would propose to play, and did play; that sometimes others, who were not invited, would come to the door during the playing, and knock, and that some of them would be invited in, and others refused admittance; that the windows of said room were curtained, and the doors closed, during the playing, and that the parties playing could not be seen from the street." The court charged, that this was a public place within the purview of the statute; to which charge the defendant excepted, and which he now assigns for error.

S. F. HALE and A. A. COLEMAN, for the appellant.

P. T. SAYRE, for the Attorney General, *contra*.

GOLDTHWAITE, J.—The indictment was good, and the charge erroneous.—Burdine v. The State, at the present term. Let the judgment be reversed, and the cause remanded.